


IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ANTHONY JONES, JR., )
 )
      Petitioner, )
 )
v. ) CV 313-014
 )
AUGUSTA STATE MEDICAL PRISON, )
OFFICER FNU TELFAIR, and SAMUEL )
S. OLENS, Attorney General of the State )
of Georgia, )
 )
      Respondents. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced this case along with four other cases – Case. Nos. CV 313-012, 313-013, 313-015, and 313-016 – in February of 2013.[1] Petitioner filed each of the five cases using the "Form for Use in Applications for Habeas Corpus under 28 U.S.C. Section 2254."[2] (See doc. no. 1, p. 1.) Because Petitioner failed to include with the instant petition either a motion to proceed *in forma pauperis* ("IFP") or the requisite $5.00 filing fee for filing a § 2254 petition,

---

[1]Petitioner originally attempted to commence these cases by filing his petitions with the Eleventh Circuit Court of Appeals in January of 2013. (See doc. no. 1, pp. 1, 9.) The Eleventh Circuit transferred the petitions to the Southern District of Georgia, pursuant to Fed. R. App. P. 22(a). (Id. at 9.)

[2]Notably, due to Petitioner's use of the standard form for § 2254 petitions, each of his five cases has been assigned to the Dublin Division of the Southern District of Georgia, the location of the court which entered the judgment of his conviction. (See doc. no. 1, p. 2.) As explained below, however, Petitioner's use of the § 2254 forms was improper; had he filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and alleged the same claims, his complaint would properly belong in the Augusta Division of the Southern District of Georgia.

the Clerk's Office mailed Petitioner a deficiency notice directing him to submit either a motion to proceed IFP or the filing fee. (Doc. no. 2.) Accordingly, Petitioner submitted a motion to proceed IFP. (Doc. no. 3.)

Now that the Court has received Petitioner's motion to proceed IFP and has reviewed his initial filing,[3] it is clear that the filing does *not* assert proper claims under § 2254, but that it in fact appears to detail on-going problems that Petitioner is having with the prison staff at ASMP. (See generally doc. no. 1.) Such claims, however, indicate an attempt on Petitioner's part to bring civil rights claims under 42 U.S.C. § 1983 rather than a habeas corpus claim under § 2254. Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ."). On the other hand, when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983. See, e.g., McKinnis v. Mosely, 693 F.2d 1054, 1057 (11th Cir. 1982) (*per curiam*) (prisoner alleging that his due process rights were violated when prison suspended his wife's visiting privileges was seeking relief under § 1983, not habeas corpus relief).

Notably, Petitioner should by now be familiar with the distinctions between a § 2254

---

[3]The Court conducted an initial review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

petition versus a § 1983 complaint, considering that he has – quite recently – encountered this very problem in this Court and had the issue specifically explained to him. In Jones v. Brown, Petitioner filed a petition pursuant to § 2254 that properly challenged the legality of his incarceration, but he then subsequently filed a second petition using the § 2254 form that asserted claims concerning his issues with the ASMP prison staff. CV 312-054, doc. no. 7 (S.D. Ga. Aug. 15, 2012) (hereinafter "CV 312-054"). In fact, the markedly vague claims that Petitioner asserted in that second filing, which relate to his allegations of being generally harassed by the prison staff, appear to be remarkably similar, if not identical, to the claims that he brings in the instant petition, and he has even included one of the same officials at ASMP as a Respondent here, Officer King. In CV 312-054, the Court acknowledged Petitioner's second filing, but noted that it would proceed to screen only his original petition because the second filing appeared to assert only civil rights claims that were improperly brought pursuant to § 2254. Id., doc. no. 8, p. 1, n.1. Accordingly, the Court provided Petitioner with the standard form complaint used by incarcerated litigants in the Southern District of Georgia and explained to him that, should he wish to pursue a civil rights claim against prison officials at ASMP, he must commence a separate civil rights case. Id. Petitioner did not file objections, and the Honorable Dudley H. Bowen, Jr., United States District Judge, adopted the Court's recommendation as the opinion of the District Court on September 18, 2012. Id., doc. no. 10.

Here, as noted above, Petitioner appears to assert in his § 2254 petition the same type of general harassment claims against prison officials at ASMP as he did in his second § 2254 petition in CV 312-054, which the Court pointedly rejected. Thus, Petitioner's claims are no more appropriate in this § 2254 petition than they were in the petition filed in his previous case, and the Court is no more open to entertaining such improperly filed claims now than it

3

was then. In fact, Petitioner's continual efforts to shoehorn civil rights claims into § 2254 petitions amount to what appears to be an overt attempt to avoid accumulating "strikes" under the strictures of the Prison Litigation Reform Act ("PLRA").[4] Petitioner's efforts are also indicative of an attempt to circumvent the $350.00 filing fee required for filing a § 1983 complaint and to instead obligate himself to pay only the $5.00 filing fee required for a § 2254 petition. For those reasons, as before, the Court will not allow Petitioner's improperly brought claims to proceed any further in this case.

Moreover, even if the Court *were* to construe Petitioner's filing as a § 1983 complaint – which it does not – Petitioner's claims are markedly vague and brief, such that the facts alleged are entirely unclear and mostly incomprehensible. (See doc. no. 1, pp. 6-7.) In fact, Petitioner has failed to mention the individuals named in the caption of his petition outside of the caption. However, the Eleventh Circuit has held that a district court properly dismisses defendants where a litigant, other than naming the defendants in the caption of the complaint, fails to state any allegations that associate the defendants with the purported legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Additionally, given that Petitioner has

---

[4]The PLRA disallows a prisoner from filing a § 1983 complaint where he has, on three or more prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or [failed] to state a claim." 28 U.S.C. § 1915(g). The Eleventh Circuit has observed that this is "commonly known as the three strikes provision" of the PLRA. Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal quotation marks and citation omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

4

used the standard form for filing a § 2254 petition rather than that for a § 1983 complaint, his petition does not provide the information the Southern District of Georgia requires for prisoners attempting to commence a § 1983 suit.

In sum, Petitioner's filing is critically deficient in a number of ways, but most importantly because, despite the Court having previously and explicitly warned Petitioner against such a practice, it is indicative of his continuing attempts to present in a § 2254 petition civil rights claims that must be brought in a § 1983 complaint. Accordingly, the Court declines to consider Petitioner's improperly filed claims here.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's request to proceed IFP be **DENIED AS MOOT** (doc. no. 3), that this case be **DISMISSED**, and that this civil action be **CLOSED**.[5]

SO REPORTED and RECOMMENDED this 21st day of March, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] The **CLERK** is **DIRECTED** to include a standard form complaint used by incarcerated litigants in the Southern District of Georgia, as well as a blank motion to proceed *in forma pauperis*, with Petitioner's service copy of the Report and Recommendation. As the Court has explained herein, as well as previously in CV 312-054, should Petitioner wish to pursue a civil rights claim against prison officials at ASMP, he must commence a separate civil rights case.